UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LEROY BRYAN OHLENDORF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:19-CV-34 JAR |
| | ) |
| THOMAS L. HOEH, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Leroy Ohlendorf, an inmate at Boonville Correctional Center, for leave to commence this action without payment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion, and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to

the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint[1]

Plaintiff brings this 42 U.S.C. § 1983 action against defendant Thomas L. Hoeh (Prosecutor); Jennifer Slone (Public Defender); Michael Gardner (Judge); and William Syler (Judge). Plaintiff states that he is bringing the lawsuit against defendants in their individual and official capacities.

In his complaint, plaintiff alleges that Judges Michael Gardner and William Syler acted unlawfully in presiding over his criminal action in Perry County Missouri. *See State v. Ohlendorf,* No. 13PR-CR00488-01 (32nd Judicial Circuit, Perry County Court). Plaintiff asserts generally that Judge Gardner falsely imprisoned him while he was awaiting trial, allowed key witnesses to bring evidence against him, "maliciously prosecuted him," and forced plaintiff to represent himself in court on October 25, 2013.

He further asserts that his public defender, Jennifer Slone, was ineffective in representing him in his criminal case. He also asserts that Slone "coerced him" and forced him to represent himself on October 25, 2013 in his criminal action and prior related court dates.[2]

Last, plaintiff asserts that the prosecutor in his criminal action, Thomas Hoeh, "maliciously prosecuted" him by "directly putting [his] rights in jeopardy" and falsely imprisoning him in an unnamed manner. Plaintiff does not make any specific allegations as to how Prosecutor Hoeh "falsely imprisoned" plaintiff or purportedly prosecuted him without cause.

Plaintiff to have his state conviction vacated and $750,000 in damages for "false imprisonment…slander…and defamation of character".

---

[1] Plaintiff has also filed a supplement to his complaint. *See* Docket #9. The supplement consists of a copy of plaintiff's amended motion to vacate filed in *Ohlendorf v State,* No. 19PR-CC00007 (32nd Judicial Circuit, Perry County Court). The action was denied and dismissed on July 17, 2019.

[2] The Court has reviewed Missouri.Case.Net and takes judicial notice that plaintiff plead guilty and was sentenced, and Ms. Slone was in the courtroom, on October 25, 2013.

**Plaintiff's Criminal Action**

On October 25, 2013, plaintiff plead guilty to the sale of a controlled substance. Pursuant to a plea agreement, he received a 10-year suspended sentence and was placed on five years of supervised probation. *State v. Ohlendorf,* No. 13PR-CR00488-01 (32nd Judicial Circuit, Perry County Court). On November 11, 2016, the Circuit Court found that plaintiff had violated the conditions of his probation. The Court revoked plaintiff's probation, ordered the execution of his 10-year sentence, and directed that plaintiff be placed in the shock incarceration program pursuant to Mo.Rev.Stat. § 559.115. The Court later amended this order to place plaintiff in the institutional treatment program. Plaintiff was released from the Missouri Department of Corrections on March 10, 2017 and placed on a new term of probation.

While plaintiff was in MDOC, plaintiff filed a motion to vacate, pursuant to Mo.Sup.Ct.R.29.035 in *Ohlendorf v. State*, No. 16PR-CC00067 (32nd Judicial Circuit Perry County Court). On December 15, 2017, plaintiff voluntarily dismissed his motion to vacate, after signing a waiver, in open court, that he understood the dismissal to be with prejudice. Nevertheless, on January 28, 2019, after his probation was revoked a second time, plaintiff filed a second motion to vacate his sentence, pursuant to Mo.S.Ct.R.29.035 in *Ohlendorf v. State*, No. 19PR-CC00007 (32nd Judicial Circuit, Perry County Court). The new motion to vacate was denied and dismissed as successive on July 17, 2019 by Judge Gardner.

**Discussion**

Plaintiff brings this action against defendants in both their individual and official capacities. However, his allegations against defendants fail to state a claim upon which relief may be granted, as currently plead.

Prosecutor Hoeh is absolutely immune from plaintiff's allegations that he violated plaintiff's civil rights. *See Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). As noted above, plaintiff has not made any specific allegations against defendant Hoeh regarding how he allegedly violated his rights or purportedly maliciously prosecuted him. Rather, all of plaintiff's claims against prosecutor Hoeh are based upon his decision to charge him with criminal conduct and pursue a criminal prosecution against him. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (holding that prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution); *see also Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process."). Because Hoeh is immune from being civilly pursued for this type of discretionary action, plaintiff's claims against Prosecutor Hoeh will be dismissed for failure to state a claim on which relief may be granted and for seeking monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. 1915(e)(2)(B).

Plaintiff's allegations against Judges Gardner and Syler are also subject to dismissal. Judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)). A judge acts in his judicial capacity when he exercises control over his courtroom. *See Sheppard v. Maxwell*, 384 U.S. 333, 358 (1966) ("the courtroom and courthouse premises are subject to the control of the court"). Plaintiff has alleged no specific factual allegations against Judges Syler or Gardner, only conclusory legal allegations. As a result, plaintiff's allegations do not show that the defendant judges acted outside of their jurisdiction, and these defendants is entitled to absolute immunity.

The Court will also dismiss plaintiff's § 1983 claims against his public defender, Jennifer Slone. A § 1983 claim must allege that a defendant, acting under color of state law, deprived the plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. The complaint fails to state a claim upon which relief can be granted against defendant Slone because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). As a result, plaintiff's allegations fail to state a claim with respect to defendant Slone.

Last, to the extent plaintiff seeks to have his Missouri state conviction vacated, his action must first be pursued in the Missouri state court system, not in this federal § 1983 action. *See* 28 U.S.C. § 2254(b)(1)(A).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #3] is **DENIED as moot**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 7th day of August, 2019.

                                                      **JOHN A. ROSS**
                                                    **UNITED STATES DISTRICT JUDGE**